Parker, J.
This cause was tried before a referee and resulted in a judgment dissolving the partnership heretofore existing between the plaintiff and the defendants, and adjudging that the defendants pay to the plaintiff the sum, of $9,189.29 with the costs of the action.
On this appeal the error assigned by the appellants consists in a finding of the referee disallowing certain expenses alleged by the defendants to have been incurred for the. benefit of the partnership amounting to......... $4,370 85
And also disallowing a claim for interest in the sum of..................................... 3,507 67
In all......................................$7,878 52
The testimony of the plaintiff and the defendant Burleigh, together with the acts of the parties subsequent to the making of the first contract justified the referee in finding that by the contract constituting the co-partnership, it was-argued that the defendants in consideration of the assignment of the contract to them as security (which plaintiff had procured for furnishing a given quantity of ties to the Delaware and Hudson Canal Company), agreed to advance the money necessary to fulfill the contract and to actively assist in the fulfillment thereof. The .plaintiff and Charles. McCaffrey to devote their time to the purchase and shipment of such ties. Profits to be divided equally between McCaffrey, plaintiff and defendants. Loss, if any, to be equally borne by same parties.
In the 'absence of any agreement to pay interest on advances, the referee was justified in construing the agreement to mean that the defendant would furnish the money required for the privilege of sharing in the profits of the contract which plaintiff had procured. Interest was therefore properly disallowed.
As to the items sought to be charged against the partnership by the defendant for office expenses, dockage, traveling expenses, etc., aggregating $4,370.85, a portion of them were not properly chargeable by the terms of the contract *304 as found by the referee, and the allowance or rejection of the residue depended upon either conflicting or insufficient testimony as to which a careful examination of the evidence does not seem to justify a reversal of the conclusions of the referee who had the advantage of listening to the testimony of the witnesses and the benefit of a personal examination of the books and papers produced before him.
J udgment affirmed, with costs.
Landon and Fish, JJ., concur.